IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP G. TUNANIDAS, | ) | CASE NO. 4:10 CV 1263 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| LOUIS FOLINO *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondents. | ) | |

*Pro se* Petitioner Phillip G. Tunanidas, incarcerated at SCI Greene, Waynesburg, Pennsylvania, brought this Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241.[1] On October 26, 2007, Petitioner was arrested on a theft charge by Pennsylvania authorities. While being held in jail in Pennsylvania, detainers from several Ohio cities were filed against him. On October 20, 2007, an extradition hearing was held in the Common Pleas Court of Mercer County, Pennsylvania concerning Petitioner's return to Youngstown, Ohio. During this hearing, Petitioner waived extradition. After several requests for extradition to take place to Ohio, Petitioner is still incarcerated in Pennsylvania. Petitioner alleges that the detainers have prevented him from participating in prerelease rehabilitation, from earning his way to an outside fence security clearance, and from participating in other activities. He asserts that he has been denied his right to a speedy trial and that his right to due process of law under the Fourteenth Amendment has been violated.

Generally, 28 U.S.C. § 2254 is the exclusive vehicle for prisoners in custody pursuant to a

---

[1] Respondents also include the Ohio Attorney General and the Office of District Attorney.

state court judgment who wish to challenge anything affecting that custody. Petitioner has brought this petition pursuant to 28 U.S.C. § 2241. Section 2241 may be used when the action involves "pretrial petition" remedies. *See Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981). A state prisoner bringing a § 2241 *habeas* petition still must comply with the exhaustion requirements of 28 U.S.C. § 2254. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991) (requiring state prisoner bringing a federal *habeas* action to show that he exhausted available state remedies); *Johnson v. Hudson*, 2007 WL 2156384 * 1-2 (N.D. Ohio, Jul 26, 2007) (same).

The Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2, is an agreement between the states, the District of Columbia and the United States. *Miles v. Rees*, 2007 WL 1455872, * 1 (E.D. Ky., May 15, 2007) (citing *Jenkins v. United States*, 394 F.3d 407, 412 (6th Cir. 2005). "The purpose of the agreement is to establish 'cooperative procedures' to 'encourage the expeditious and orderly disposition of charges' outstanding in one jurisdiction against a prisoner who is 'already incarcerated' in another jurisdiction." *Id.* (quoting 18 U.S.C. App. 2, § 2, art. I.).

In order to challenge the validity of an interstate detainer, a state prisoner must first exhaust all available state remedies before filing a federal *habeas* petition. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-89 (1973). Such remedies include those provided by the IAD. *Barnett v. Hobbs*, 2007 W L 861086 * 2 -3 (E.D. Tenn., Mar. 19, 2007.) *See also Norton v. Parke,* 892 F.2d 476, 479 (6th Cir. 1989) (prisoners must pursue the remedies provided by the IAD before seeking federal *habeas* relief).

The IAD provides certain procedures that require strict compliance before a prisoner can file a *habeas* action in federal court. *Burris v. Deters*, 2006 WL 2381546 * 2 (S.D. Ohio, Aug. 16, 2006) (citing *Norton,* 892 F.2d at 480-81). After a detainer has been lodged against a prisoner, the

warden is required, by Article III(c) of the IAD, to inform the prisoner of his right to request a final disposition of charges against him. IAD Form 1 may be used for this purpose. *See* Ohio Rev.Code § 2963.30. *See also Casper v. Ryan,* 822 F.2d 1283, 1285 (3d Cir.1987). Article III(a) of the IAD gives the prisoner the right to request a final disposition of untried charges pending against him. The prisoner may utilize IAD Form 2, the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations, or Complaints." *See Casper,* 822 F.2d at 1285. Article III(a) also requires that the request of the prisoner for final disposition "shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner." Ohio Rev.Code § 2963.30; *Burris*, 2006 WL 2381546 at * 2.

In 2008, Petitioner's Pennsylvania fugitive from justice case in the Mercer County Common Pleas Court was dismissed. *Commonwealth of Pennsylvania v. Tunanidas*, Case No. 385MD2007. In a letter dated April 8, 2009, addressed to "To whom it may concern," Petitioner stated that he is imprisoned for violation of probation and could be incarcerated until July 7, 2011. The letter was sent to the warden of the Mercer County Jail and to the Mahoning County prosecutor. However, the letter did not provide information regarding the term of commitment under which Petitioner is being held, the time he has already served, the time he has remaining to be served, the amount of good time earned, the time of parole eligibility, and any decision of the State parole agency relating to Petitioner. *See Casper,* 822 F.2d at 1285-86. Therefore, Petitioner has failed to exhaust his IAD remedies.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243.[2] Further, the Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.


Date: August 18, 2010              *s/John R. Adams*
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.