UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP TUNANIDAS, | ) | CASE NO. 4:10cv1263 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| LOUIS FOLINO, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Phillip Tunanidas' petition under 28 U.S.C. §2241 for Writ of Habeas Corpus is pending before the Court. Upon consideration, the petition is hereby DISMISSED.

**I.     Facts**

On October 26, 2007, Petitioner was arrested on theft charges by Pennsylvania authorities. While being held in jail in Pennsylvania, detainers from several Ohio cities were filed against him. On December 20, 2007, an extradition hearing was held in the Common Pleas Court of Mercer County, Pennsylvania concerning Petitioner's return to Youngstown, Ohio. During this hearing, Petitioner waived extradition. After several requests for extradition to take place to Ohio, Petitioner is still incarcerated in Pennsylvania. Petitioner alleges that the detainers have prevented him from participating in prerelease rehabilitation, from earning his way to an outside fence security clearance, and from participating in other activities. He asserts that he has been denied his right to a speedy trial and that his right to due process of law under the Fourteenth Amendment has been violated.

**II.     Analysis**

Petitioner seeks relief from detainers via a writ of habeas corpus pursuant to 28 U.S.C. §2241. 28 U.S.C. §2241(c)(3) states that "the writ of habeas corpus shall not extend to a prisoner unless … He is in custody in violation of the Constitution or laws or treaties of the United States." This language has been interpreted to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See *Garlotte v. Fordice*, 515 U.S. 39, 41, (1995).

As Petitioner argues that the detainers against him violates his constitutional rights.

> A detainer is described as a 'request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent.' *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). This concept is crucial to Petitioner's request for habeas relief because a detainer does not represent the basis upon which a prisoner is actually held in confinement. *Curtis v. United States*, 123 Fed. Appx. 179, 183, No. 03-6411, 2005 WL 89057 (6th Cir.18 Jan.2005). Instead, the issuance of a detainer suggests the prisoner is incarcerated on other charges. *Id*. The detainer assures the prisoner will not be released before the authority issuing the detainer can obtain future custody on the charges referenced in the detainer. *Id*.

*Worrel v. Shartle*, No. 4:10 cv 2005, 2011 WL 129631, at *2 (N.D.. Oh. Jan. 13, 2011). Petitioner is still serving his sentence in Pennsylvania. Because he is not challenging the execution of the sentence he is currently serving, he is not "in custody" for purposes of 28 U.S.C. §2241(c)(3). Accordingly, his petition must be dismissed.

### III.    Conclusion

Because Petitioner challenges the detainers against him rather than the sentence for which he is currently incarcerated, he is not "in custody" and therefore his Petition pursuant to §2241 is DISMISSED.

IT IS SO ORDERED.


Dated:  February 18, 2011  /s/ John R. Adams
 UNITED STATES DISTRICT JUDGE